SANDRA M. COSTA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Costa v. Commissioner
Docket No. 7873-90
United States Tax Court
T.C. Memo 1991-618; 1991 Tax Ct. Memo LEXIS 665; 62 T.C.M. (CCH) 1531; T.C.M. (RIA) 91618; December 12, 1991, Filed *665 An appropriate order of dismissal for lack of jurisdiction will be entered. John E. Lahart, for the petitioner. Debra A. Bowe, for the respondent. DAWSON, Judge, GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM OPINION This case was heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181 and 183. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed June 28, 1990, and petitioner's Motion to Dismiss for Lack of Jurisdiction filed July 16, 1990. Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax under Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
6661
1982
$ 41,338
$ 10,335
$ 2,067
*
$ 4,024
$ 10,335
1983
82,799
20,700
4,140
*
5,067
20,700
*666 The stipulation of facts is incorporated herein by this reference. Petitioner was a resident of San Anselmo, California, at the time the petition herein was filed. On August 10, 1989, respondent mailed duplicate statutory notices of deficiency to petitioner for the taxable years 1982 and 1983 by certified mail to P.O. Box 2206, San Anselmo, California 94960, and to 454 Scenic Road, Fairfax, California 94930, as shown by the postmark date stamped on the executed certified mailing list Form 3877. The 90-day period for timely filing the petition in this case expired on Wednesday, November 8, 1989, which date was not a legal holiday in the District of Columbia. See sec. 6213(a). Petitioner filed her petition in this case with the Tax Court on April 26, 1990, which date is 259 days after the mailing of the notice of deficiency. Under section 7502(a), if the envelope containing *667 the petition bears a United States Postal Service postmark date which falls within the statutory period for timely filing and if the other requirements of section 7502 are satisfied, then notwithstanding the untimely receipt, the petition will be deemed timely filed. . Here the envelope in which the petition was received by the Tax Court bears a postmark date of April 20, 1990, which date is 253 days after the mailing of the notice of deficiency. On these facts, the petition was not timely filed under the provisions of section 6213(a) or section 7502(a). In order for a taxpayer to invoke the jurisdiction of this Court, there must be both a valid notice of deficiency and a timely filed petition. . Section 6212(a) authorizes the Secretary, upon the determination of a deficiency in income tax, to issue a notice of deficiency by certified or registered mail. A notice of deficiency is valid, regardless of actual receipt by the taxpayer, if mailed to the taxpayer's "last known address." Sec. 6212(b)(1); see , *668 affg. . As indicated above, respondent mailed duplicate notices of deficiency for the years 1982 and 1983 on August 10, 1989, to petitioner at 454 Scenic Road, Fairfax, California, and at P.O. Box 2206, San Anselmo, California. Petitioner contends that her "last known address" on August 10, 1989, was 421 Laurel Avenue, San Anselmo, California. A taxpayer's "last known address" is that address to which, in light of all the surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice to be sent. . Generally, respondent is entitled to treat the address appearing on the taxpayer's most recently filed return as the last known address absent "clear and concise notification" of a new address. ; , affd. without published opinion . We note that an appeal in this matter would be to the Court of Appeals for the Ninth Circuit. The Ninth Circuit has emphasized *669 that the above rule provides a "clear starting point" for the determination by respondent of the taxpayer's last known address. . However, the rule does not impose upon respondent an inflexible obligation to use unquestioningly the address on the taxpayer's most recent return. After respondent becomes aware of an address other than the one on a taxpayer's return, he must exercise reasonable care and due diligence in ascertaining the taxpayer's correct address. . The question of what constitutes a taxpayer's last known address is a factual one which requires a full evaluation of the knowledge possessed by respondent at the time the notice of deficiency was issued. See . Prior to filing her 1989 tax return, petitioner's last return filed with the Internal Revenue Service was a joint return with her husband, Douglas A. Costa, for the year 1977. The address shown on the 1977 return was 454 Scenic Road, Fairfax, California. Petitioner has not resided at the 454 Scenic Road address *670 since December 1984. After she left the 454 Scenic Road residence, petitioner moved frequently. In or about August 1987, she moved to the 421 Laurel Avenue address. Gregory W. Gillen, a revenue officer in the collection division of the Internal Revenue Service, was assigned to a case involving petitioner in December 1987, and in February 1988, he was informed by petitioner that her current residence was at 421 Laurel Avenue, San Anselmo, California. Mr. Gillen referred the 421 Laurel address to the revenue agent working on other tax years involving petitioner. Thereupon, on February 26, 1988, respondent mailed a notice of deficiency for 1984 and 1986 to petitioner at the 421 Laurel address. Petitioner filed a petition in the Tax Court on April 4, 1988, based on said notice of deficiency. Mr. Gillen subsequently learned that petitioner, on September 14, 1988, had applied for a post office box (P.O. Box 2206) at the San Anselmo post office and had executed a change of address order on that date, directing that all mail from the 454 Scenic Road address be forwarded to P.O. Box 2206. On April 26, 1989, respondent seized the property located at 454 Scenic Road, Fairfax, California, *671 pursuant to section 6331. On July 21, 1989, respondent issued a summons to a third party record-keeper with respect to the tax years 1982 and 1983. Respondent sent the requisite notice of said summons by certified mail to petitioner at the 421 Laurel address. The notice mailed to the 421 Laurel address was not claimed by petitioner and was returned in July 1989, to respondent. As stated above, respondent mailed duplicate notices of deficiency on August 10, 1989, to petitioner for the years 1982 and 1983 by certified mail to P.O. Box 2206, San Anselmo, California, and to 454 Scenic Road, Fairfax, California. The notice addressed to petitioner's P.O. Box 2206 was returned to respondent unclaimed. The notice sent to the 454 Scenic Road address was forwarded to P.O. Box 2206, pursuant to petitioner's change of address order. Martin James Smallback, III, was employed for some years by the U.S. Postal Service as a letter carrier out of the San Anselmo post office. During the period here relevant, Mr. Smallback also lived at the 421 Laurel address where petitioner resided. Petitioner had authorized Mr. Smallback to pick up mail in P.O. Box 2206, which he did on a regular basis, *672 leaving all such mail for petitioner in a designated place in the living room of the 421 Laurel residence. Following such practice, Mr. Smallback, on September 6, 1989, signed for the certified letter containing the notice of deficiency which had been forwarded from the 454 Scenic Road address to P.O. Box 2206 and brought it to the 421 Laurel residence where he deposited it at the accustomed place. We believe that, against the backdrop of these unique factual circumstances, respondent met the reasonable diligence standard and was fully justified in determining that the correct address, where the notice of deficiency would most probably reach petitioner in a timely manner, was the P.O. Box 2206 in San Anselmo. Although respondent was aware of the 421 Laurel address as a result of the Tax Court proceedings in 1988 involving other tax years of petitioner, respondent also learned about P.O. Box 2206 in 1988. In any event, we do not consider that the allegations and factual material as to petitioner's address developed in the 1988 Tax Court proceedings for other years constitute a "clear and concise" direction to respondent to use that address in the future without question for all *673 purposes. , affd. without published opinion . Moreover, it appears that a certified letter containing notice of a third-party record keeper summons sent by respondent to petitioner at the 421 Laurel address was returned "unclaimed" to respondent in July 1989, just prior to the issuance of the notice of deficiency here involved on August 10, 1989. Absent any "clear and concise" directions from petitioner, we believe respondent acted responsibly and pragmatically in sending the duplicate notice to the two addresses available to him. The purpose of section 6212 is to insure that the taxpayer receives timely actual notice so that he can challenge the determination of deficiency made by respondent within the 90-day period provided in section 6213. See , affd. . Congress enacted section 6212(b)(1), which provides that the notice of deficiency "shall be sufficient" if mailed to the taxpayer at his "last known address," as a safe harbor that protects respondent *674 by establishing a definite procedure for giving notice. . However, if mailing results in actual notice to the taxpayer without prejudicial delay, it meets the conditions of section 6212(a) no matter to what address the notice was sent. Clodfelter v. Commissioner, 527 F.2d at 757; . Here one of the duplicate notices of deficiency mailed on August 10, 1989, was actually delivered to petitioner's 421 Laurel address on or about September 6, 1989, by Mr. Smallback, who had retrieved the notice from P.O. Box 2206. We conclude that this was sufficient to constitute actual notice to petitioner of the statutory notice of deficiency. Cf. , affg. . The fact that petitioner, who admitted that "I don't do anything with my mail," chose not to pay attention to the notice made available to her is not a compelling consideration. Moreover, some 63 days still remained after September 6, 1989, to enable petitioner to file a timely petition *675 with the Tax Court. We believe that this was ample time to file a timely petition. We have considered , affg. , which was cited by petitioner and find it distinguishable from the instant case. We therefore conclude on this record that the notice of deficiency herein was valid. We also conclude on these facts that the petition herein filed on April 26, 1990, some 259 days after the mailing of the notice of deficiency, was not timely filed within the meaning of section 6213(a) or section 7502. In view of the foregoing, respondent's motion will be granted and petitioner's motion will be denied. An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations.↩